IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05 CR 564-2 |
| | ) | Judge Samuel Der Yeghiayan |
| MIGUEL RAMIREZ, | ) | |
| Defendant. | ) | |

<u>DEFENDANT MIGUEL RAMIREZ' SENTENCING MEMORANDUM</u>

Defendant MIGUEL RAMIREZ, through his attorney, Andréa E. Gambino, respectfully requests that this Honorable Court impose a sentence of 101 months[1], as recommended by the parties in accordance with the plea agreement entered on January 10, 2006. This sentence is more than sufficient to meet the purposes of sentencing as outlined in Title18, United States Code, Section 3553(a). The sentence is also consistent with the guideline range recommended by the Presentence Investigation Report. PSR at 21. In support of this request, Miguel Ramirez, through counsel, submits the following:

I.    Miguel Ramirez is a much-loved family member, a good neighbor, and a
      hard-working man.

Miguel Ramirez' life partner is Ms. Rosalia Chavez. Although they have not officially married, they have been living together as husband and wife for the past three years. PSI at 16. The couple has a young son José, who is two

_____

[1]This sentence results from the high-end of the guideline range for Count 3 --41 months – and the consecutive 5 year sentence for Count 4.

1

years old and is a United States citizen. PSI at 16. Ms. Chavez and their son, José, have come to each court appearance on behalf of Miguel, as have his brother Daniel, and his mother or sister. Ms. Chavez refers to herself as Miguel's wife in the letter she has written for the court. *See,* Attachment 1, letter and translation. She describes her husband as very caring and relates that both their son, José, and Miguel's younger brother, Daniel [age 11], are very attached to Miguel and ask for him frequently. Before his arrest, Miguel, his son, and his little brother often enjoyed trips to the park. Daniel also writes:

> When I needed help with my homework he helped me. He liked to take me to stores on weekends. Also to restaurants. He was good with the family. Now that he is in jail I'm sad and I would like him to come back. So it could be like the old times. Because I have always loved him.

*See,* Attachment 2, letter from Daniel Ramirez. Miguel's sister Veronica and his mother write that Miguel's son needs him in his life. *See,* Attachment 3, letters from Veronica Valtierrez and Rosa Ramirez.

Rosalia Chavez is particularly vulnerable without her husband because she suffers from a seizure disorder which requires her to take Dilantin. Without her medication she is subject to Grand Mal attacks. *See,* Attachment 4, Note from Dr. Jesus R. Dadivas. It has been especially difficult for Ms. Chavez to continue to pay for her medication and other living expenses since Miguel has been in custody.

2

A former neighbor of Miguel and Rosalia, M. Alicia Estrada, has written a letter on Miguel's behalf to let the Court know that the person she saw in Miguel Ramirez was a respectful and serious man. *See*, Attachment 5, letter from M. Alicia Estrada.

Miguel worked as a laborer for several different employment services. Maria Serrano, the Dispatcher for Staffing Network, in Summit, Illinois, states that "From 08/15/01 until 08/29/04, he was working, as of General Labor, with different pay rates, He was a very good employee, never had any complaints." *See,* Attachment 6, letter from Maria Serrano. This opinion is shared by Antonio Casillas, who hired Miguel as a construction worker on projects in Chicago, Wisconsin, and Indiana during the Spring and Summer of 2002 and 2003. Mr. Casillas says that Miguel's "skills as a laborer are very good, he is very punctual, and performs all assigned tasks very well. I would not hesitate to recommend him for employment as a construction laborer." *See,* Attachment 7, letter from Antonio Casillas. Miguel also worked for Staff Right, Inc., in Chicago, and Industrial Staffing Services, Inc., in Melrose Park. *See,* employment verification letters, Maria Carrillo, Staff Right, Inc., and Elsie Padilla, Industrial Staffing Services, Inc..

3

II.   A sentence of 101 months, or 8 years and 5 months, is more than
      sufficient to serve the purposes of just punishment, deterrence,
      promoting respect for the law, and providing needed drug treatment.

      A sentence of eight years and five months of incarceration is reasonable

and more than sufficient to serve the purposes of sentencing as enumerated in

Title 18, United States Code, Section 3553(a).  A term of imprisonment of eight

years is adequate to reflect the seriousness of the offense, to promote respect

for the law, to provide just punishment for the offense.  Although this sentence

will result in imposing a significant hardship on Mr. Ramirez wife and child, his

son will still be a young boy upon Mr. Ramirez' release at the end of his term of

imprisonment.

      Any term of imprisonment beyond the significant sentence agreed upon

by the parties would only serve to further damage the relationship between Mr.

Ramirez and his young son, increasing the likelihood that his son, too, might

become involved with criminal activities and repeat the cycle of incarceration

that is often seen with children whose parents are incarcerated for extended

periods of time.

      The time that Mr. Ramirez has spent in pre-trial detention also has been

more difficult than that of many inmates, since he has been housed in county

jail facilities at a great distance from the city.  As a consequence of the distance

and the visitation policies in the Kankakee and Dodge County facilities, Mr.

Ramirez has not been able to hug or hold his young son or his wife during his

time awaiting resolution of this case. It is likely that Mr. Ramirez will be designated to a facility in the southwestern portion of the United States, since he will be deported to Mexico upon the expiration of his prison term. This also will render visitation from his family members, who are of limited financial resources, an infrequent occurrence. This will render his time in custody more difficult than would be the case for other inmates serving sentences of comparable time.

Finally, even though Mr. Ramirez needs and would like participate in a drug treatment program, to assist him with his own substance abuse issues, it is unlikely that he will be afforded the opportunity to do so, since he is not a citizen and will be deported at the end of his prison term. One of the purposes of sentencing under 18 U.S.C. § 3553(a)(2)(D) is to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Unfortunately, no sentence of imprisonment will accomplish this goal for Mr. Ramirez.

WHEREFORE, defendant Miguel Ramirez respectfully requests that this Honorable Court impose the sentence of 101 months imprisonment, in accordance with the agreement of the parties and in fulfillment of the requirements of 18 U.S.C. § 3553(a).

DATE:      April 5, 2006             Respectfully submitted,

By: s/Andréa E. Gambino
     Attorney for Miguel Ramirez

Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 926
Chicago, Illinois 60604
(312) 322-0014

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2006, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which sent notification

of such filing to the following:

Julie B. Ruder, Esq.
Assistant United States Attorney

and I hereby certify that I have mailed by United State Postal Service, facsimile,

or hand-delivery the document to the following non-CM/ECF participants:

N/A.

DATE:          April 5, 2006              Respectfully submitted,

                                          By:    s/Andréa E. Gambino
                                                 Attorney for Miguel Ramirez

Law Offices of Andréa E. Gambino
53 W. Jackson Blvd., Suite 926
Chicago, Illinois 60604
(312)322-0014