# UNITED STATES DISTRICT COURT

__Northern__ District of __Illinois__

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Miguel Ramirez | Case Number: 05 CR 564-2 |
| | * USM Number: * 21976-424 |
| **Date of Original Judgment:** _____ | Andrea Gambino |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X pleaded guilty to __III and IV of the Indictment.__
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2114(a) | Attempted Robbery of Property Belonging to the United States | June 2005 | III |
| 18 U.S.C. § 924(c)(1)(A) | Possession and Use of a Firearm During the Commission of a Drug Trafficking Crime and a Crime of Violence | June 2005 | IV |

The defendant is sentenced as provided in pages __1__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. Other than the amendments or modifications stated in this judgment, the judgment entered April 6 2006 is to stand

☐ The defendant has been found not guilty on count(s) _____
X All __remaining Counts__ ☐ is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 6, 2006
Date of Imposition of Judgment

*/s/ Samuel Der-Yeghiayan*
Signature of Judge

Samuel Der-Yeghiayan, United States District Court Judge
Name and Title of Judge

May 31, 2006
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## NORTHERN District Illinois

UNITED STATES OF AMERICA
V.

Miguel Ramirez

JUDGMENT IN A CRIMINAL CASE

Case Number: 05 CR 564-2

USM Number: 17287-424

Andrea Gambino
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) III and IV of the Indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2114(a) | Attempted Robbery of Property Belonging to the United States | June 2005 | III |
| 18 U.S.C. §§ 924(c)(1)(A) | Possession and Use of a Firearm During the Commission of a Drug Trafficking Crime and a Crime of Violence | June 2005 | IV |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X All remaining Counts ☐ is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 6, 2006
Date of Imposition of Judgment

Signature of Judge

Samuel Der-Yeghiayan, United States District Court judge
Name and Title of Judge

April 6, 2006
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: Miguel Ramirez | Judgment — Page 2 of 7 |
| CASE NUMBER: 05 CR 564-2 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 101 months. 41 months on Counts III and 60 months on Count IV to run Consecutive.

X  The court makes the following recommendations to the Bureau of Prisons:
   That the defendant serve his period of incarceration at the Bureau of Prisons' Texas, Big Spring's Facility.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ a _____  ☐ a.m.  ☐ p.m.  on _____

   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 2A — Imprisonment

DEFENDANT:      Miguel Ramirez                              Judgment—Page 3 of 7
CASE NUMBER:    05 CR 564-2

## ADDITIONAL IMPRISONMENT TERMS

1) Defendant shall participate in a Comprehensive Drug Treatment Program while in the custody of the Bureau of Prisons.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Miguel Ramirez
CASE NUMBER: 05 CR 564-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 5 Years.

5 Years on Count III and 5 Years on Count IV to run concurrent.

If not ordered deported, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of 1 DNA sample as directed by the probation officer if authorized by law.

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | |
|---|---|
| DEFENDANT: Miguel Ramirez | Judgment—Page 5 of 7 |
| CASE NUMBER: 05 CR 564-2 | |

## ADDITIONAL SUPERVISED RELEASE TERMS

1) Upon release from imprisonment, the defendant is to be surrendered to a duly-authorized immigration and naturalization official for deportation in accordance with the established procedures by the United States Immigration and Nationality Act. If ordered deported, defendant shall remain outside the United States during this time. He shall not reenter the United States without the express written consent of the U.S. Attorney General or Secretary of Homeland Security.

2) The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

3) The defendant shall provide the probation officer with access to any requested financial information.

4) The defendant shall participate in a Drug Aftercare Treatment Program which may include urine testing at the direction of the probation officer.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
　　　　　Sheet 5 — Criminal Monetary Penalties

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judgment — Page 6 of 7

DEFENDANT: Miguel Ramirez
CASE NUMBER: 05 CR 564-2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200.00 | $ 500.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　X  the interest requirement is waived for the　　X  fine　　☐ restitution.

　　☐ the interest requirement for the　　☐ fine　　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | | Judgment — Page 7 of 7 |
|---|---|---|
| DEFENDANT: | Miguel Ramirez | |
| CASE NUMBER: | 05 CR 564-2 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ __700.00__ due immediately, balance due

       ☐   not later than _____ , or
       X   in accordance   X   C,   ☐ D,   ☐ E, or   ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C    X    Payment in equal __monthly__ installments of 10 % of defendant's net monthly __income__ until judgment is paid off.

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:
One Beretta 92FS, serial number BER226999, 9mm semi-automatic pistol, loaded with nine rounds of ammunition. The Court's Preliminary Order of Forfeiture dated April 6, 2006 is a part of this sentence imposed against defendant and shall be included in this Judgment and Commitment Order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 05 CR 564-2 |
| | ) | Judge Samuel Der-Yeghiayan |
| MIGUEL RAMIREZ | ) | |

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c) and Fed. R. Crim. P. 32.2 and the Court being fully informed hereby finds as follows:

(a) On August 10, 2005, an indictment was returned charging defendant MIGUEL RAMIREZ, with knowingly possessing a firearm, in and affecting interstate commerce, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States and in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, namely, a violation of 18 U.S.C. § 2114(a)(Count Four), pursuant to the provisions of 18 U.S.C. § 924(c)(1)(A), among other violations;

(b) The indictment sought forfeiture to the United States of specific property, namely, one Beretta 92FS, serial number BER226999, 9mm semi-automatic pistol, loaded with nine rounds of ammunition, pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c);

(c) On January 10, 2006, pursuant to Fed. R. Crim. P. 11, defendant MIGUEL RAMIREZ entered a guilty plea admitting his involvement in certain offenses;

1

(d)   In the plea agreement entered between the defendant and the United States, defendant MIGUEL RAMIREZ agreed that the firearm and ammunition, namely, one Beretta 92FS, serial number BER226999, 9mm semi-automatic pistol, loaded with nine rounds of ammunition, are subject to forfeiture and further agreed to relinquish any right, title or ownership interest that he has in this property pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c);

(e)   Because of the defendant's conviction of the above violation, the government requested that this Court enter a preliminary order of forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) so that the firearm and ammunition may be disposed of according to law, including destruction;

(f)   Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Marshal Service shall seize and take custody of the foregoing firearm and ammunition for disposition according to law.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.   That, pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest defendant MIGUEL RAMIREZ may have in one Beretta 92FS, serial number BER226999, 9mm semi-automatic pistol, loaded with nine rounds of ammunition, is hereby forfeited to the United States of America for disposition according to law, including destruction. It is further ordered,

2.   That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Marshal Service shall seize and take custody of the foregoing firearm and ammunition for disposition according to law. It is further ordered,

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon entry of a preliminary of forfeiture, the United States Marshal Service shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone who qualifies for such notice. It is further ordered,

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court, and 21 U.S.C. § 853(n)(1), any person, other than the defendant, asserts an interest in property that has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury. It is further ordered,

5. That, following the Court's disposition of all third party interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture as to the firearm and ammunition which are the subject of this preliminary order of forfeiture, vesting clear title in the United States of America. It is further ordered,

6. The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant MIGUEL RAMIREZ and shall be included in any judgment and commitment order entered in this case against him. It is further ordered,

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
SAMUEL DER-YEGHIAYAN
United States District Judge

DATED: _____

4